977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dzafer Jeff HUSEINOVIC, Defendant-Appellant.
 No. 92-5165.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 21, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.
 Louise G. Staton, Moler & Staton, Mullens, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, William J. Powell, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dzafer Jeff Huseinovic pled guilty to conspiracy to deal in firearms without a license (18 U.S.C. § 371 (1988)) and was sentenced to a term of twenty-four months. He appeals his sentence, alleging that the district court erred in giving him an obstruction of justice enhancement and denying him a reduction for acceptance of responsibility. We affirm.
 
 
 2
 In this conspiracy, numerous co-defendants purchased cheap handguns in West Virginia which were then transported to New York City for sale at a good profit. The money was used to buy cocaine for sale in West Virginia where the price was higher. More than fifty guns were attributed to Huseinovic and he was found to have a leadership role.
 
 
 3
 After preparation of the presentence report but before Huseinovic's sentencing, the government received information that Huseinovic had threatened a witness during the investigation of the offense. At the sentencing hearing, the witness testified that in August 1990, after he made a purchase of handguns for Huseinovic and another conspirator, Huseinovic told him that the DEA (Drug Enforcement Administration) would be coming around and not to mention Huseinovic's name; otherwise, Huseinovic would have someone from New York take care of him and his family. As a result, the witness said that when he was interviewed by federal agents prior to the indictment and afterward he did not mention Huseinovic's involvement. Huseinovic denied making the threat. The district court determined that the government had shown obstruction of justice by a preponderance of the evidence and increased Huseinovic's base offense level by two levels under guideline section 3C1.1.[1] This factual determination was not clearly erroneous.
 
 
 4
 The probation officer recommended a reduction for acceptance of responsibility because Huseinovic admitted participation to the extent of the brief factual basis presented at his guilty plea hearing. The government responded that it would object to the reduction if Huseinovic contested at sentencing the more detailed version of the offense which was contained in the presentence report. Four witnesses testified about Huseinovic's involvement at his sentencing. Huseinovic then testified, termed them liars and described his participation as minimal. The government argued that the reduction for acceptance of responsibility should not be made because Huseinovic had not admitted all his criminal conduct. See United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). Huseinovic relied on his guilty plea.
 
 
 5
 The district court found that "by a preponderance of the evidence presented here today, the Court finds the objection well-taken," and denied the acceptance of responsibility reduction. Huseinovic contends on appeal that the district court's factual finding was inadequate. As we have previously observed, it is the better practice for the district court to explicitly state the basis for its findings. However, here the reasons for the court's finding are clear from the record of the sentencing proceeding, and are not clearly erroneous.
 
 
 6
 We therefore affirm the judgment of the district court.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 We note that the offense level was calculated under U.S.S.G. § 2K2.2 (Nov. 1990). When Huseinovic was sentenced on February 11, 1992, § 2K2.2 had been deleted by consolidation withs 2K2.1, effective November 1, 1991. The guidelines in effect on the date of sentencing should have been used, see 18 U.S.C. § 3553(a)(4) (1988), and would have resulted in a higher guideline range. Because this issue has not been raised by the government, we do not address it